UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

DENISE PAYNE,

    Plaintiff,

v.

COLEMAN POMPANO BEACH, LLC,
a Florida Limited Liability Company,

    Defendant.
_____/

**COMPLAINT**

Plaintiff, DENISE PAYNE, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues Defendant, COLEMAN POMPANO BEACH, LLC, a Florida Limited Liability Company (hereinafter "Defendant"), and as grounds alleges:

**JURISDICTION, PARTIES. AND VENUE**

1. This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331 and 1343.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4. Plaintiff, DENISE PAYNE, is an individual over eighteen years of age, residing and domiciled in Florida, and is otherwise *sui juris*.

5. At all times material, Defendant, COLEMAN POMPANO BEACH, LLC, was and is a Florida Limited Liability Company, with its principal place of business in Los Angeles, California.

6. At all times material, Defendant, COLEMAN POMPANO BEACH, LLC, a Florida Limited Liability Company, owned and operated a commercial shopping center at 150 SW 6th Street, Pompano Beach, Florida 33060 (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Pompano Beach, Florida.

7. Venue is properly located in the Southern District of Florida because Defendant's shopping center and the property within which it is on are located in Broward County, Florida, Defendant's regularly conduct business within Broward County, Florida, and because a substantial part of the events or omissions giving rise to this claim occurred in Broward County, Florida.

## FACTUAL ALLEGATIONS

8. Although nearly thirty (30) years have passed since the effective date of Title III of the ADA, the Defendant has yet to make its facilities accessible to individuals with disabilities.

9. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendant continues to discriminate against people who are disabled in ways that block them from access and use of Defendant's business(es).

10. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and

requires landlords and tenants to be liable for compliance.

11. Plaintiff, DENISE PAYNE, is an individual with disabilities as defined by and pursuant to the ADA. DENISE PAYNE uses a wheelchair to ambulate. DENISE PAYNE has very limited use of her hands and cannot operate any mechanisms which require tight grasping or twisting of the wrist. She is limited in her major life activities by such, including but not limited to walking, standing, grabbing, grasping and/or pinching.

12. Ms. Payne is a staunch advocate of the ADA. Since becoming aware of her rights, and their repeated infringement, she has dedicated her life to this cause so that she, and others like her, may have full and equal enjoyment of public accommodations without the fear of discrimination and repeated exposure to architectural barriers in violation of the ADA.

13. She is often frustrated and disheartened by the repetitiveness of the complaints she is forced to make to employees and management at different places of public accommodation over thirty (30) years after the legislation of the ADA, to no avail. Ms. Payne is accordingly of the belief that the only way to affect change is through the mechanisms provided under the ADA.

14. Defendant, COLEMAN POMPANO BEACH, LLC, owns, operates, and oversees the Commercial Property, its general parking lot or/and parking spots specific to the businesses therein, and the interior of the commercial plaza building located in Pompano Beach, Florida, that is the subject of this Action.

15. The subject Commercial property is open to the public and is located in Pompano Beach, Florida.

16. The individual Plaintiff visits the Commercial Property and businesses located within the Commercial Property, regularly, to include visits to the Commercial Property and

businesses located within the Commercial Property on or about August 29, 2023, encountering multiple violations of the ADA that directly affected her ability to use and enjoy the Commercial Property and businesses located therein. She often visits the Commercial Property and businesses located within the Commercial Property in order to avail herself of the goods and services offered there, and because it is approximately ten (10) miles from her residence and is near other businesses and restaurants she frequents as a patron. She plans to return to the Commercial Property and the businesses located within the Commercial Property within two (2) months of the filing of this Complaint.

17. The Plaintiff has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property, and businesses located within the Commercial Property. The barriers to access at the Commercial Property, and the businesses located within the Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property, and businesses located within the Commercial Property, and have endangered her safety in violation of the ADA. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, DENISE PAYNE, and others similarly situated.

18. Defendant, COLEMAN POMPANO BEACH, LLC, owns and/or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendant, COLEMAN POMPANO BEACH, LLC, is responsible for complying with the obligations of the ADA. The place of public accommodation that Defendant, COLEMAN POMPANO BEACH, LLC, owns and/or operates the Commercial Property businesses located at 150 SW 6th Street, Pompano Beach, Florida 33060.

19. Plaintiff, DENISE PAYNE, has a realistic, credible, existing and continuing

threat of discrimination from the Defendant's non-compliance with the ADA with respect to the described Commercial Property and the businesses located within the Commercial Property, including but not necessarily limited to the allegations in this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property, and businesses located within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and businesses located therein, not only to avail herself of the goods and services available at the Commercial Property, and businesses located within the Commercial Property, but to assure herself that the Commercial Property and businesses located within the Commercial Property are in compliance with the ADA, so that she and others similarly situated will have full and equal enjoyment of the Commercial Property, and businesses located within the Commercial Property without fear of discrimination.

20. Defendant, COLEMAN POMPANO BEACH, LLC, as landlord and owner of the Commercial Property Business, is responsible for all ADA violations listed in this Complaint.

21. Defendant has discriminated against the individual Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property, and businesses located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

### ADA VIOLATIONS AS TO COLEMAN POMPANO BEACH, LLC

22. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 21 above as though fully set forth herein.

23. Defendant, COLEMAN POMPANO BEACH, LLC, has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer

employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during her visit to the Commercial Property, include but are not limited to, the following:

A. <u>Parking</u>

  i. The Plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces are located on an excessive slope. Violation: There are accessible parking spaces located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

B. <u>Entrance Access and Path of Travel</u>

  i. The Plaintiff could not traverse through areas of the store, as the required 36" path is not provided. Violation: A continuous path of travel connecting all essential elements of the store is not provided, violating Sections 4.2.1, 4.3.2(2), & 4.3.3 of the ADAAG and Sections 206.2.2 & 403.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

  ii. The Plaintiff had difficulty using some of the curb ramps, as the slopes are excessive. Violation: There are curb ramps at the facility that contain excessive slopes, violating Section 4.7.2 of the ADAAG and Sections 405.2 and 406.1 of the 2010 ADA Standards, whose resolution is readily achievable.

  iii. The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes from the public sidewalk and transportation stop. These are violations of the requirements in Sections 4.3.2(1), 4.3.8, 4.5.1, and 4.5.2 of the ADAAG and Sections 206.2.1, 302.1, 303, and 402.2 of the 2010 ADA Standards, whose resolution is readily achievable.

    iv.    The Plaintiff had difficulty traversing the path of travel due to abrupt changes in level. Violation: There are changes in levels of greater than ½ inch, violating Sections 4.3.8 and 4.5.2 of the ADAAG and Section 303 of the 2010 ADA Standards, whose resolution is readily achievable.

    C.    <u>Wing N Things – Access to Goods and Services</u>

    i.    There is seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

    D.    <u>Wing N Things – Public Restrooms</u>

    i.    The restroom signage is not mounted at the required location, violating Section 4.30.6 of the ADAAG and Section 703.4 of the 2010 ADA Standards, whose resolution is readily achievable.

    ii.    The Plaintiff could not use the lavatory outside the accessible toilet compartment without assistance, the pipes are not fully wrapped, and objects are located underneath it. Violation: There are lavatories outside accessible toilet compartments with pipes that are not properly insulated and not properly maintained free of obstructions, violating the requirements in Sections 4.19.2, 4.19.4 of the ADAAG, 28 CFR 36.211, and Sections 213.3.4. 606.2, & 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

    iii.    The Plaintiff could not use the mirrors, as they are mounted too high. Violation: The mirrors provided in the restrooms are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

    iv.    The Plaintiff could not use the soap bottle without assistance, as it requires a tight grasp to

      operate. Violation: The soap dispensers require a tight grasp to operate in violation of Section 4.27.4 of the ADAAG and Section 309.4 of the 2010 ADA Standards, whose resolution is readily achievable.

v. The Plaintiff had difficulty using the toilet without assistance, as it is not mounted at the required distance from the side wall. Violation: The water closet in the accessible toilet compartment is mounted at a non-compliant distance from the wall in violation of Section 4.17.3 and Figure 30(a) of the ADAAG and Section 604.2 of the 2010 ADA Standards, whose resolution is readily achievable.

vi. The Plaintiff had difficulty using the toilet paper due to the roll not being located within a dispenser. Violation: Elements in the restroom are not readily accessible and usable by persons with disabilities, violating 28 CFR 36.211, whose resolution is readily achievable.

## RELIEF SOUGHT AND THE BASIS

24. The discriminatory violations described in this Complaint are not an exclusive list of the Defendant's ADA violations. Plaintiff requests an inspection of the Defendant's places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, DENISE PAYNE, from further ingress, use, and equal enjoyment of the Commercial Business and businesses located within the Commercial Property; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice. A complete list of the Subject Premises' ADA violations, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34.

25.     The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by the Defendant, Defendant's building(s), businesses and facilities; and has otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

26.     Defendant has discriminated against the individual Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

27.     Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is

entitled to recover attorneys' fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

28. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation, the Plaintiff and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

29. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by the Plaintiff or waived by the Defendant.

30. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where the Defendant operates their businesses, located at and/or within the commercial property located 150 SW 6th Street, Pompano Beach, Florida 33060, the exterior areas, and the common exterior areas of the Commercial Property and businesses located within the Commercial Property, to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendant cures the violations of the ADA.

WHEREFORE, the Plaintiff, DENISE PAYNE, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendant at the commencement of the subject lawsuit were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §

12181 et seq.; (ii) Injunctive relief against, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: October 20, 2023.

**GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
350 Sevilla Avenue, Suite 200
Coral Gables, Fl 33134
Telephone: 305-553-3464
Fax: (855) 205-6904
Primary E-Mail: ajperez@lawgmp.com
Secondary E-Mails: bvirues@lawgmp.com
jacosta@lawgmp.com

By: ___/s/ Anthony J. Perez_____
ANTHONY J. PEREZ
Florida Bar No.: 535451
BEVERLY VIRUES
Florida Bar No.: 123713